# In the United States Court of Federal Claims

No. 15-1550C
(Bid Protest)
(Filed: August 16, 2016)[1]

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | Stay Pending Appeal; Rule 62(c); Pass-Fail Responsibility-type Evaluation Factors; Referral to Small Business Administration for Certificate of Competency; Injunctive Relief. |
| LAWSON ENVIRONMENTAL SERVICES, LLC, | * * * * * | |
| Plaintiff, | * * | |
| v. | * * | |
| THE UNITED STATES, | * * | |
| Defendant. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

Theodore P. Watson, Watson & Associates, LLC, 13721 East Rice Place, Suite 106, Aurora, Colorado 80015, for Plaintiff.

Benjamin C. Mizer, Robert E. Kirschman, Jr., Douglas K. Mickle, and Michael D. Snyder, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant. Kathleen Clever, U.S. Environmental Protection Agency, 11201 Renner Blvd., Lenexa, KS 66219, Of Counsel. Christopher J. McClintock, U.S. Small Business Administration, 409 3rd Street N.W., Washington, D.C. 20416, Of Counsel.

---

[1]  The Court issued this opinion under seal on July 21, 2016, and directed the parties to file any proposed redactions by July 28, 2016.  Neither party has proposed redactions.  Accordingly, the Court publishes this opinion correcting errata.

**OPINION AND ORDER DENYING INJUNCTION PENDING APPEAL**

**WILLIAMS,** Judge.

Plaintiff Lawson Environmental Services, LLC ("Lawson") seeks a stay of this Court's judgment in <u>Lawson Environmental Services, LLC v. United States</u>, 126 Fed. Cl. 233 (2016), and an injunction pending appeal to stop the Environmental Protection Agency ("EPA") from allowing Coastal-Enviroworks Joint Venture ("Coastal-Enviroworks") to begin performing environmental remediation services in lead-contaminated residential properties in Washington County, Missouri. EPA initially solicited offers to perform these remediation services on July 8, 2014, and, after a series of protests and corrective action, awarded a contract to Coastal-Enviroworks on September 29, 2015. Plaintiff protested this award at the Small Business Administration ("SBA") and the Government Accountability Office ("GAO") before filing a complaint in this Court on December 18, 2015. At that time, EPA voluntarily agreed to stay performance until March 30, 2016.

The Court entered judgment in favor of the Government and denied Lawson's motion for judgment upon the administrative record on March 25, 2016. The Court found that EPA correctly referred Coastal-Enviroworks to SBA for a Certificate of Competency ("COC") instead of rejecting its proposal as nonresponsive, and that SBA acted reasonably in granting Coastal-Enviroworks a COC.

Almost two months later, on May 20, 2016, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Federal Circuit, and on May 31, 2016, Plaintiff filed the subject motion for stay and injunction pending appeal.[2] For the reasons set forth below, the Court denies Plaintiff's motion.

**Discussion**

Pursuant to Rule 62(c) of the Rules of the United States Court of Federal Claims, "[w]hile an appeal is pending from . . . a final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Rule 62(c). Because Plaintiff in its complaint requested only declaratory relief, the Court did not technically deny an injunction. <u>See</u> Compl. 33; 126 Fed. Cl. at 236. Nevertheless, by declining to declare the award illegal, the Court refused to set aside the contract or grant what would have been tantamount to injunctive relief. As such, Rule 62(c) is the proper procedural vehicle for the relief Plaintiff now seeks.

---

[2]  Plaintiff requests, in part, that the Court stay the execution of its judgment denying Plaintiff's request for declaratory relief. Plaintiff uses the term "stay" interchangeably with a request for an injunction pending appeal. The Court considers Plaintiff's request to stop performance as a request for an injunction pending appeal, consistent with Plaintiff's reference to Rule 62(c).

An injunction pending appeal pursuant to Rule 62(c) is an extraordinary remedy, and the Court will not grant such an injunction lightly. RLB Contracting, Inc. v. United States, 120 Fed. Cl. 681, 682 (2015); see also Akima Intra-Data, LLC v. United States, 120 Fed. Cl. 25, 27 (2015); Acrow Corp. of Am. v. United States, 97 Fed. Cl. 182, 183 (2011). As with injunctions at other stages of an action, the movant carries the burden of persuasion. Akima Intra-Data, 120 Fed. Cl. at 27 (citing OAO Corp. v. United States, 49 Fed. Cl. 478, 480 (2001)).

Similar to the Court's consideration of a request for a preliminary injunction, the Court will consider the following factors when determining whether to grant an injunction pending appeal: whether the movant has shown that (1) the movant is likely to prevail on the merits of the appeal; (2) the movant will be irreparably harmed absent an injunction; (3) the injunction will not substantially injure the other interested parties; and (4) issuance of an injunction is in the public interest. Int'l Res. Recovery, Inc. v. United States, 60 Fed. Cl. 1, 6 (2004) (citing FMC Corp. v. United States, 3 F.3d 424, 427 (Fed. Cir. 1993)); RLB Contracting, 120 Fed. Cl. at 682 (citing Acrow Corp. of Am., 97 Fed. Cl. at 184); Akima Intra-Data, 120 Fed. Cl. at 27-28 (citing Standard Havens Prods., Inc. v. Gencor Indus., Inc., 897 F.2d 511, 513 (Fed. Cir. 1990)). The Court's consideration of these four factors is "flexible" - - no single factor is determinative, and the Court need not give each factor equal weight. Standard Havens Prods., 897 F.2d at 512; see also Akima Intra-Data, 120 Fed. Cl. at 28; Int'l Res. Recovery, 60 Fed. Cl. at 6.

**Plaintiff Has Failed To Show It Has A Likelihood Of Success On The Merits Of Its Appeal**

Plaintiff contends that it is likely to succeed on the merits of its appeal for three reasons:

(1) The Court erred in determining that Coastal-Enviroworks failed to meet a responsibility-type factor that was subject to referral to SBA, rather than a mandatory solicitation requirement that rendered Coastal-Enviroworks' proposal nonresponsive;

(2) The Court incorrectly found that EPA acted reasonably in accepting an affidavit from one of Coastal-Enviroworks' proposed key personnel; and

(3) The Court failed to fully review both EPA's referral of Coastal-Enviroworks to SBA and SBA's subsequent issuance of a COC.

"[L]ikelihood of success in the appeal is not a rigid concept." Standard Havens Prods., 897 F.2d at 512 (citing Wash. Metro. Area Transit Comm'n v. Holiday Tours, 559 F.2d 841, 844 (D.C. Cir. 1977)). For instance, where a movant presents legal issues of first impression, the likelihood of success on appeal is impossible to determine, and the Court may grant an injunction pending appeal so long as the remaining factors weigh sufficiently in the movant's favor. Akima Intra-Data, 120 Fed. Cl. at 28 (citing Jacobson v. Lee, 1 F.3d 1251 (Fed. Cir. 1993); see also Acrow Corp. of Am., 97 Fed. Cl. at 184 ("[T]he court may grant an injunction under RCFC 62(c) when the question raised is novel or close, especially when the case will be returned to the trial court should the movant prevail on appeal.").[3] However, where a movant seeks to "relitigate

---

[3] This Court orally granted a stay pending appeal in a bid protest that raised an issue of first impression. Tr. at 32-40, CGI Fed. Inc. v. United States, No. 14-355C (Fed. Cl. Sept. 2, 2014), ECF No. 55; Order, CGI Fed. Inc. v. United States, No. 14-355C (Fed. Cl. Sept. 2, 2014), ECF No. 53.

several issues that the opinion addressed fully and resolved" or otherwise has failed to raise "issues with the opinion that are so novel as to merit the extraordinary remedy of injunctive relief pending appeal," the Court will deny an injunction. Acrow Corp. of Am., 97 Fed. Cl. at 185.

In its current motion, Plaintiff recasts its previously raised arguments. Compare Pl.'s Mot. 5-18 with Pl.'s Mot. for J. on the AR 12-40. None of Plaintiff's arguments below implicated novel or close questions.

The gravamen of Plaintiff's motion is that the Court erred in upholding EPA's referral of Coastal-Enviroworks to SBA for a COC determination. Plaintiff has not demonstrated this decision was erroneous, an issue of first impression, or a close question. Rather, this Court noted that Plaintiff's challenge to EPA's referral to SBA for a COC "is not a gray area." Lawson, 126 Fed. Cl. at 246.[4] In the small business context, where the offeror fails a solicitation requirement that encompasses a traditional responsibility factor, the proper course is for the agency to refer the matter to SBA. As the Court explained in its opinion:

> "[W]here traditional responsibility factors are employed as technical evaluation criteria and the evaluation renders an offeror's proposal flatly ineligible for award, the agency has effectively made a determination that the small business offeror is not a responsible contractor capable of performing the solicitation requirements." Optimization Consulting, Inc. v. United States, 115 Fed. Cl. 78, 100 (2013) (internal citation and quotation marks omitted). In those circumstances, the agency must refer the matter of the firm's responsibility to SBA for a Certificate of Competency determination. Id.; Planet Space, Inc. v. United States, 92 Fed. Cl. 520, 546 (2010) (finding that, where "responsibility-type concerns" result in an offeror's exclusion from the competition, "a de facto non-responsibility determination has been made and, in the case of a small business, referral to the SBA is required").

Lawson, 126 Fed. Cl. at 245.

Here, the evaluation factor for Key Personnel fell within the realm of a responsibility determination and was a pass-fail factor, and failure would have rendered Coastal-Enviroworks ineligible, warranting referral to SBA.

In reiterating its argument that Coastal-Enviroworks' proposal should have been rejected as nonresponsive, Plaintiff asserts that the Court misinterpreted Manus Medical, LLC v. United States, 115 Fed. Cl. 187 (2014). Pl.'s Mot. 7-9, 13. Plaintiff's argument lacks merit. As explained in the Court's opinion:

> Plaintiff relies on Manus Medical, LLC v. United States, 115 Fed. Cl. 187 (2014) to argue that Coastal-Enviroworks' proposal should have been rejected as nonresponsive. In Manus, the agency eliminated the lowest-price offeror from the competition because the offeror failed to submit a complete proposal and omitted

---

[4] In a similar vein, this Court denied Plaintiff's evidentiary argument regarding consideration of the affidavit as "contrary to governing regulation." Lawson Envtl. Servs., LLC v. United States, 126 Fed. Cl. 233, 248 (2016).

information necessary for the evaluation of two technical factors. 115 Fed. Cl. at 192. As such, the agency could not make a determination on technical acceptability and rejected the proposal as deficient for omitting required information. Here, in contrast, the agency could and did evaluate Coastal-Enviroworks' technical proposal on a responsibility-type factor and failed Coastal-Enviroworks for noncompliance, requiring a referral to SBA.

Lawson, 126 Fed. Cl. at 246 n.4.[5]

Because the EPA evaluation team disqualified Coastal-Enviroworks' proposal from consideration on the basis of this responsibility-type factor, removing Coastal-Enviroworks from the competition, EPA properly referred its decision to SBA for a COC.

The Court has reviewed Plaintiff's other arguments in support of its motion and concludes that Plaintiff merely "seeks to litigate issues that the opinion fully addressed and resolved." Acrow Corp. of Am., 97 Fed. Cl. at 185. Accordingly, Plaintiff has failed to show a likelihood of success on the merits of its appeal.

**Other Factors Warrant Denial Of Injunctive Relief**

In this Court's view, Plaintiff has not demonstrated any likelihood of success on the merits. But even if it had, other factors militate against injunctive relief.

Plaintiff argues that it will be irreparably harmed absent an injunction pending appeal because, should Coastal-Enviroworks begin performance, Plaintiff will be precluded from obtaining meaningful relief. Pl.'s Mot. 18-19; see, e.g., Hosp. Klean of Tex., Inc. v. United States, 65 Fed. Cl. 618, 624 (2005). However, Plaintiff's claim of irreparable harm is belied by its lack of urgency in seeking this injunction. Plaintiff did not file its request for an injunction pending appeal until over two months after this Court issued its decision on March 25, 2016, and EPA's voluntary stay expired. The challenged contract has now been actively ongoing for over three months.

In contrast, the injury to the Government should this Court issue an injunction is palpable. EPA issued the solicitation at issue nearly two years ago. The Washington County sites at which Coastal-Enviroworks is performing remedial actions were added to the National

---

[5] Similarly, Plaintiff cites Centech Group, Inc. v. United States, 554 F.3d 1029 (Fed. Cir. 2009) in support of its argument that Coastal-Enviroworks' proposal should have been rejected as nonresponsive. Centech is inapposite, as Centech's proposal was properly deemed nonresponsive for failure to comply with the Limitation on Subcontracting clause. Centech did not involve a challenge to an agency's referral of a contractor to SBA for a responsibility assessment. Rather, Centech drove home the fundamental distinction between responsibility and responsiveness. Centech instructed that whether an offeror could comply with a technical requirement is a matter of the contractor's responsibility, whereas whether an offeror agreed in its proposal that it would comply with a technical requirement is a matter of the proposal's responsiveness. Centech involved a quintessential example of a nonresponsive proposal, while this case presented a classic example of a small business offeror's capability to meet a responsibility-type technical requirement.

Priority List in 2011.  Continued delay in this procurement for vital lead remediation services would impede EPA in its mission to protect human health and the environment pursuant to the Comprehensive Environmental Compensation and Liability Act, the National Oil and Hazardous Substances Pollution Contingency Plan, and other statutes.

Plaintiff asserts, without support, that EPA will suffer minimal injury because the agency may currently procure the necessary services through delivery orders issued under another contract.  The record, however, establishes that reliance on this contract is misplaced because the scope of Plaintiff's cited contract covers a different geographical region, and the contract is funded through EPA's "removal funds" which are separate from - - and scarcer than - - the agency's "remediation funds," which apply to the contract at issue.  See Gunn Decl. ¶ 5; Buchholz Decl. ¶¶ 2-4.  Given the need for the procurement to proceed after having been delayed for over a year due to protests and appeals, the balance of harms weighs in favor of the Government and against issuance of an injunction.

The public interest also lies in allowing this procurement to proceed.  Plaintiff's concern about the "overriding public interest in preserving the integrity of the procurement process by requiring the Government to follow its procurement regulations" is valid.  Pl.'s Mot. 20 (quoting Bona Fide Conglomerate, Inc. v. United States, 96 Fed. Cl. 233, 242 (2010)).  However, the evidence in this case shows that the Government did follow its procurement regulations.  Further, the public has a heightened interest in continuing performance under this contract, as the contaminated soil, groundwater, surface water, and sediment at the Washington County sites have affected residences, schools, daycare centers, parks, playgrounds, and drinking water wells.  Gunn Decl. ¶ 2.  Continuing delay presents serious health risks to people, especially children, who live in this area.  Id. at ¶¶ 2, 7.  Thus, the public interest militates against an injunction pending appeal.

## Conclusion

This protest does not involve any novel or close legal questions.  Plaintiff has failed to show a likelihood of success on the merits, and the balance of harms and the public interest support denying the requested injunctive relief.  Plaintiff's motion for stay and injunction pending appeal is **DENIED**.

s/Mary Ellen Coster Williams  
**MARY ELLEN COSTER WILLIAMS**  
**Judge**